Chief Justice Robertson
delivered the Opinion of the Court.
On a bill filed by Elizabeth Hardin, executrix of Martin D. Hardin, deceased, for foreclosing a mortgage by the plaintiffs in error, to indemnify him as their surety to a large amount, and also for obtaining general relief—the Circuit Court, in March, 1830, having ascertained the amount due in consequence of payments which had been made by the surety, made a nisi decree, warning the plaintiffs that unless they should pay the sum so ascertained to be due on or before the first day of the succeeding term of the Court, the mortgage would be foreclosed.
At the succeeding July term, the money not having been in the mean time paid, the Court decreed a foreclosure of the equity of redemption, and appointed a commissioner to sell the mortgaged estate, consisting of i c , i . . „ ° various parcels ot real estate and many articles of personalty.
Nothing more having been done until February, 1833, and the commissioner then reporting that he could not find any of the personal property, and that all the real *560 estate had been “disposed of”—the Court thereupon renid ^ dered a decree in personam, for the money which had before been ascertained to be due.
This writ of error being prosecuted to reverse the decree of July, 1830, the plaintiffs made a motion to amend the writ so as to embrace the last decree of 1833; but the counsel of the defendant opposing the amendment, we have not felt authorized to allow it; because more than three years had elapsed from the date of that decree to the making of- the motion to' amend. If the amendment were now made, the statute' could not be pleaded, as it might be if, instead of amending the writ, an original writ had been issued when the motion was made to amend. It would therefore be improper to deprive the plaintiff of the benefit of a legal bar, by now permitting the amendment, without her Consent.-
The statute, having beeii pleaded to the writ, as is* sued, to reverse the decree of July 1830, must prevail; because that decree was undoubtedly final, and more than three years had elapsed between its date and that df the writ of error.
Although the Court had a right to decree in personam, dn the ground of original jurisdiction to decree relief to á surety; and although, also, it may not have been too late to render such a decree, whenever the Court ascer* tained that the mortgaged estate was insufficient—yet it may have been erroneous, after a foreclosure of the equity of redemption, to decree the whole debt in personam, without requiring a release of the legal title in the mortgaged estate.
But as the writ does not and cailnot be permitted now to embrace this last decree, and as the decree to which it does apply was filial, and was rendered more than three years before the impetratton of the writ—this Court is constrained to forbear all enquiry into alleged errors, and to give judgment in bar of the writ of error.